(January 20, 1914.)

## DONOVAN, HOPKA & NINNEMAN CO., Respondent, v. TRI-STATE CEDAR CO., a Corporation, Appellant.

[138 Pac. 339.]

CONSTITUTIONALITY OF LIEN LAW.

    1. Chapter 226 of the 1911 Session Laws held invalid and void as not affording property owners due process of law or the equal protection of the law.

    2. *Anderson v. Great Northern Ry. Co., ante,* p. 433, 138 Pac. 127, approved and followed.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action to foreclose lien.   Judgment for plaintiff.   Defense appealed.   *Reversed.*

R. T. Morgan, for Appellant.

A lien cannot be extended by construction to cases not provided for by the statute.   (*Barnard v. McKenzie,* 4 Colo. 251.)

It has been decided that poles are not included in the term "saw-logs."   (*Elliott v. Bloyd,* 40 Or. 326, 67 Pac. 202.)

Lumber is timber sawed or split for use in building—that is, the manufactured product of saw-logs.   (25 Cyc. 1546.) Rev. Codes, sec. 5126, provides that lumber is that made from saw-logs.

Where the language of a legislative enactment is clear, then the court cannot speculate upon the intentions of the legislature but must accept the interpretation of the act as it appears therein.   (*Holmberg v. Jones,* 7 Ida. 752, 65 Pac. 563; *State v. Miller,* 90 Kan. 230, 133 Pac. 878; 36 Cyc. 1107; *Idaho Mut. Co-operative Ins. Co. v. Myer,* 10 Ida. 294, 77 Pac. 628.)

The judiciary have also no power to amend a statute, or supply an evident mistake, notwithstanding the whole purpose of the law may be defeated in consequence thereof.   (Phillips on Mechanics' Liens, pp. 15, 16; *Rafter v. Sullivan,* 13 Abb. Pr. (N. Y.) 262; *Cheney v. Wolf,* 2 Lans. (N. Y.) 188; *Brady v. Anderson,* 24 Ill. 110; *Commonwealth v. Granger,* 21 Pa. Sup. Ct. 217; 36 Cyc. 1113; *Arnold v. State* (Okl. Cr.), 132 Pac. 1123.)

Where a statute enumerates the things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned.   (*Perkins v. Thornburgh,* 10 Cal. 189; *Smith v. Randall,* 6 Cal. 47, 65 Am. Dec. 475.)

Peter Johnson, for Respondent.

In eliminating "poles" from the statute, when it specifically enumerates "spars" and "piles," which are the same, it would nullify the very intent of the law, which must be liberally construed.   (*Sands v. Sands,* 74 Me. 239; *Day v. Green,* 63 Or. 293, 127 Pac. 772.)

AILSHIE, C. J.—This action was prosecuted under the provisions of chap. 226 of the 1911 Session Laws for the foreclosure of a lien preferred for groceries, supplies, feed and other necessaries furnished by the respondent to one William C. McKee, a contractor who was engaged in getting out some 1,200 cedar poles for the appellant company. Judgment was entered in favor of the claimant, the respondent herein, and the defendant appealed.

This court has just decided in the case of *Anderson v. Great Northern Ry. Co., ante,* p. 433, 138 Pac. 127, that chap. 226 of the 1911 Session Laws, which purports to authorize a lien for groceries, supplies, feed and other necessaries furnished any contractor or other person engaged in getting out timber products, is invalid, void and inoperative, for the reason that it does not afford the property owner due process of law or the equal protection of the law, and that it is an attempt to take the property of one person and transfer it to another without due process of law. Upon the authority of that case (*Anderson v. Great Northern Ry. Co.*), the judgment in this case must be reversed, and it is so ordered, and the cause is remanded, with direction to the trial court to dismiss the action. Costs awarded in favor of appellant.

Sullivan, J., concurs.

STEWART, J., Dissenting.—I dissent in this case, as the majority opinion in this case affirms the case of *Anderson v. Great Northern Ry. Co., ante,* p. 433, 128 Pac. 127, holding that sec. 1 of chap. 226, 1911 Sess. Laws, is unconstitutional. As I prepared a dissenting opinion in that case, I simply dissent in this case upon the authority of the dissenting opinion in the *Anderson v. Great Northern Ry. Co.* case. I hold in this case that said section is legal and valid, and is not unconstitutional, and that a judgment should be entered accordingly.